

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### (Norfolk Division)



**JOHN P. McSHEFFREY,**
319 East Leicester Avenue.,
Norfolk, VA 23503,
jpmzlegal@yahoo.com,
Ph: 757-310-2911

      Plaintiff,

      -versus-

Civil Action No. ___2:22cv 80___

**PAUL J. POWERS,**
Assistant Commonwealth Attorney,
*Sued in his Individual and*
*Official capacities,*
ppowers@vbgov.com
Ph. 757-385-1263,
2425 Nimmo Parkway,
Building 10-B, 2nd Floor,
Virginia Beach, VA 23456,

  -and-

**JASON MIYARES,**
ATTORNEY GENERAL FOR VIRGINIA,
*Sued in his Official Capacity,*
Ph: 804-786-2071
202 N. 9th Street,
Richmond, Virginia 23219,

  -and-

**YANA TURNER,**
*Sued in her Individual and*
*Official capacities,*
1226 E, Ocean View Avenue,
Apartment 3,
Norfolk, VA 23503,

_____Defendants._____/

**COMPLAINT FOR VIOLATIONS
OF 42 U.S.C.A. § 1983 AND THE
1ST, 4TH AND 14TH AMENDMENTS
TO THE UNITED STATES
CONSTITUTION AND THE FTCA
UNDER TITLE 28 U.S.C.A. § 2671**

1

**Preliminary Statement**

This is a civil rights action filed by JOHN P. McSHEFFREY, a Virginia Realtor, for compensatory damages, and declaratory and injunctive relief under 42 U.S.C.A. § 1983, alleging perjurious statements, and failure to supervise and train, to bring about a grand jury indictment in violation of the 1st, 4th, and 14th amendment rights under the United States Constitution resulting in wrongful arrest and imprisonment, and defamation of character.

**Jurisdiction and Venue:**

1. This is an action for injunctive relief and declaratory relief pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the 1st, 4th and 14th Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2. This action is also bought under the Federal Tort Claims Act (FTCA), pursuant to Title 28 U.S.C.A. § 2671, *et seq.*, against the Defendants in their official capacities, which vest exclusive subject matter jurisdiction of Federal Tort Claims litigation in Federal District Court.

3. Venue is appropriate in this judicial District, pursuant 28 U.S.C.A. § 1391(b). Defendants' primary employment is in this district, and Defendants' independent and collective malicious and unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein accrued within this district.

**Parties:**

4. The Plaintiff JOHN P. McSHEFFREY is a resident of Norfolk, and a Real Estate Professional.

5. The Defendant PAUL J. POWERS is a Assistant Commonwealth Attorney in the City of Virginia Beach that was appointed to prosecute a criminal case against the Plaintiff after a previous prosecutor was removed. He is sued in his individual and official capacities.

7. The Defendant JASON MIYARES is the Attorney General for the State of Virginia. He is in charge of training and supervising Commonwealth Attorneys to follow rules, regulations, and protocols for procedures for submitting cases to grand jury. He is sued in his official capacity.

8. The Defendant YANA TURNER is the alleged victims mother. She is responsible for the supervision of her daughter's actions because her daughter was 16 years old. She is sued in her official and individual capacities.

**Factual Allegations:**

9. The Plaintiff is not a married man, nor does he have a spouse. The Plaintiff does not use or consume alcohol or drugs of any kind.

10. The Plaintiff is Virginia Realtor, and is a Zillow Premier Agent.

11. On or about March 15, 2020, Defendant Turner's daughter was walking down the street on East Ocean View Avenue close to the Ocean View Hotels. She approached the Plaintiff's vehicle smoking a cigarette and they talked. See Exhibit A for Plaintiff's vehicle. The Plaintiff was working in the area, and asked if she wanted to exchange numbers to chat.

12. The Plaintiff texted Defendant Turner's Daughter and asked if she wanted to go have some coffee at *Starbucks*. It later came out through text messages, that she wanted Plaintiff to buy her alcohol and that would be turning 18 years old in 5 days.

13. Plaintiff texted back that he would not buy her alcohol because she underage and he could go to jail for it. Plaintiff further advised Defendant Turner's daughter that he would not get near her until she became 18 years of age.

3

14. Over five days later, Defendant Turner's daughter confirmed with Plaintiff that she was in fact 18 years old, and would show a identification card to prove it, if they could meet.

15. Defendant Turner's daughter made more request for Plaintiff to buy her alcohol. Plaintiff said he would not and could give her money instead, and she could get somebody else to buy it for her.

16. Defendant Turner and her daughter had discussions about how Plaintiff, being a Realtor, wanted to meet with her for sex.  Defendant Turner signed papers with Norfolk police detective to have her daughter start working as a confidential informant for money to entrap Plaintiff for having sex with a minor, and other pending sex with minor investigations.

17. Defendant Turner's daughter advised Plaintiff that she would have sex with him for $50.  The Plaintiff agreed.   They met on two occasions for the *quid pro quo*.

18. On the third meeting, Plaintiff discovered a police detective card on the back of her phone and she said she was 16 years old, and she said she was working with the police on another case on a military guy who was on deployment.

19. The Plaintiff was appalled to discover this information.  The Plaintiff immediately informed Defendant Turner's daughter that something came up and he needed to take her home.

20. On April 6, 2020, Defendant Turner's daughter called Plaintiff, and asked if they could get together because she needed money.  The Plaintiff said he could not talk now because he was busy.  The Plaintiff texted Defendant Turner's daughter that he has a girlfriend now and cannot hang out with her no more.

21. Defendant Turner's daughter was heartbroken and texted "bru lmfao."  Plaintiff texted back "for real" and that he was blocking her.  She texted back "k is she underage too."

22. On July 12, 2020, the Defendant Turner's daughter made a false statement to Police regarding Plaintiff met with her and she was sexually assault and raped.

4

23. Plaintiff met with the detective, and provided a written affidavit stating the alleged victim was lying. That she lied about her age, and charged him money for sex. That she came over his house drunk and smoking weed. That there was no forcible sex involved, all consensual.

24. On or about December 20, 2020, Ms. Lily I. Wilder, Assistant Commonwealth Attorney, and Ryan B. Davis, Detective from Special Crimes Unit, received information from a therapist that a patient advised them that Plaintiff sexually assaulted and raped her.

25. A Norfolk Police detective advised Ms. Wilder that since the alleged rape victim lied about her age to Plaintiff, i.e., saying she was 18 years old when she was 16 years old, that she smoked weed and drank alcohol, accepted money for sex, and alleged victim gave Plaintiff permission to have intercourse as long as he used a condom, the Norfolk Police department couldn't do anything.   See Exhibit B for excerpts Norfolk Circuit Court bond hearing transcripts (1/20/2021), page 16.

26. Ryan Davis allegedly scheduled a interview with the alleged rape victim about the matter.

27. Ms. Wilder did in fact prepare a direct indictment review package. Id.

28. Mr. Davis, sworn by the Court, allegedly went before the Norfolk Grand Jury and presented false facts that the alleged victim was a female over the age 18 years old, that she was Plaintiff's spouse and Plaintiff did commit intercourse by force.

29. Ryan Davis did not present the case to the Grand Jury. Mr. Davis and Ms. Wilder acted in concert to falsify a bogus indictment and/or put a e-signature on the Indictment.

30. Ms. Wilder and Mr. Davis presented the false indictment charging Plaintiff with "Intercourse with Spouse by Force, Threat, Etc." in violation of VA Code § 18.2-61. Id.

31. The Ms. Wilder and Mr. Davis provided this false indictment to have police arrest the

5

Plaintiff.

32. Plaintiff was unlawfully arrested on January 12, 2021 on the false indictment, and released on bond January 20, 2021.

33. On December 22, 2021, the Circuit Court for the City of Norfolk entered a order appointing a "special prosecutor" because the Ms. Wilder was disqualified.

34. On or about January 6, 2022, Defendant Powers took over the prosecuting the case.

35. Defendant Powers spoke to Plaintiff over the phone and informed Plaintiff that he was going to amend the indictment by removing the word "spouse."

36. The Plaintiff notified Defendant Powers by email noting that the "direct indictment" was a fake indictment that he may want to wait to amend, and further advised Powers that the rape information was lies.

37. On or about January 10, 2022, Defendant Powers contacted the Criminal Docket Clerk to schedule a hearing to start trial on March 22, 2022, at 9:30 am.

38. Defendant Powers further advise Plaintiff that he will be amending the indictment on March 22, 2022.

39. Defendant Jason Miyares is responsible for promulgate rules and protocols for training Commonwealth Attorneys' (and its' assistants) on how to investigate and decide on whether to charge or how to procedurally bring accurate information to a grand jury.

## CLAIM I

### (Defendant Powers Adopting Fraudulent Indictment/Attorney Work Product In Violation Of The 1st, 4th, and 14th Amendments To The U.S. Constitution)

40. Plaintiff realleges and incorporates by reference all of the preceding paragraphs

23  through 32 in this complaint hereat.

41. By reasons of Defendant Powers actions, acted under the color of authority vested in him by the State of Virginia, did knowingly and intentionally act in concert with Ms. Wilder and Davis to deprive Plaintiff of his life, liberty and property and rights to a fair trial in violation of the 1st, 4th, and 14th Amendment rights under the United States Constitution when adopted Defendants fraudulent work product of the criminal case against the Plaintiff.   Defendant Powers knew Ms. Wilder and Mr. Davis denied Plaintiff a trail by indictment when they committed perjury to obtain the indictment and/or counterfeited the indictment and is trying to remedy it by amendment?

## CLAIM II

### (Defendant Turner Failure To Supervise Her Daughter And In Violation Of The 1st, 4th, and 14th Amendments To The U.S. Constitution)

42. Plaintiff realleges and incorporates by reference all of the preceding paragraphs 11 through 22 in this complaint hereat.

43. By reasons of Defendant Turner's actions, she acted under the color of authority when she employed her daughter to act as a undercover agent and conspire to lure Plaintiff to meet with her daughter by telling Plaintiff she was 18 years old and to charge Plaintiff for sex in order to fabricate a sexual assault or rape charges against the Plaintiff and report it to police and Mr. Davis and Ms. Wilder causing a violation of Plaintiff 1st, 4th and 14th Amendment Rights under the United States Constitution.

44. By reasons of Defendant Turner's vicarious actions, she did intentionally and negligently fail to supervise her daughter when her daughter lured Plaintiff to meet with her by she saying she was 18 years old, and producing false identification, so that Plaintiff and her could have sex in exchange for money and later falsely report to police and Mr. Davis and Ms. Wilder that Plaintiff sexually assaulted and raped her which violated of Plaintiff's 1st, 4th, and

14th Amendments to the United States Constitution.

## CLAIM III

### (Defendant Miyares Failure To Supervise And Train Employees In Violation of the 1st, 4th, and 14th Amendments To The U.S. Constitution)

45. Plaintiff realleges and incorporates by reference all of the preceding paragraphs 23 through 41 in this complaint hereat.

46. By reasons of Defendant Miyares actions, acted under the acted under the color of authority vested in him by the State of Virginia, did knowingly and intentionally deprive Plaintiff of his life, liberty and property and rights to a fair trial in violation of the 1st, 4th, and 14th Amendment rights under the United States Constitution with the deliberate indifference by not training or supervising Defendants on how to prosecute the criminal case against Plaintiff

47. By reasons of Defendant Miyares actions, did act under under the color of authority vested in him by the State of Virginia, did knowingly and intentionally deprive Plaintiff due process of law, and life, liberty and property and rights to a fair trial in violation of the 1st, 4th, and 14th Amendment rights under the United States Constitution when his indifference to train and supervise Davis, Wilder and Powers on how not to make perjurious statements to grand jury and/or circumventing the grand jury to produce a counterfeit true bill indictment. See Connick v. Thompson, 563 U.S. 51 (2011).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request the following relief:

48. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of by stopping the malicious criminal prosecution against Plaintiff and/or restart it with proper procedures and accurate information.

49. For a declaratory judgment that Defendants Turner, Powers, and Miyares conduct

as alleged in Claims I-III above violated Plaintiffs' rights under the United States and

Constitutions and the laws of Virginia;

50. Award compensatory damages under the FTCA in the following amounts:

      a. $500,000 jointly and severally against Defendants Turner,
and Powers for denying aforementioned
Constitutional Rights, resulting in Plaintiffs false arrest.

51. Award punitive damages in the following amounts:

      a. $100,000 each against Defendants Powers, and Turner;

      b. $50,000 against Defendant Miyares;

52. Grant such other relief as is may appear that Plaintiff is entitled.

53. Trial by jury on all claims.

Date: February 23, 2022         Respectfully submitted,

         John McSheffrey, Pro Se.

**Certification and Closing:**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Plaintiff is Without an Attorney:**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  February 23, 2022.

Signature of Plaintiff:

Printed Name of Plaintiff:  John P. McSheffrey

**State of Virginia)**
**City of Norfolk  )**

The foregoing instrument was sworn to
me this 23 day of February 2022.

Notary Public                                                    My commission expires: 05/31/2025

PATRICK J ISAACS
NOTARY PUBLIC
REGISTRATION # 7735300
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2025